UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  Case No. 8:12-cr-162-TPB-CPT

AARON HEATH,

    Defendant.
_____/

## ORDER DENYING DEFENDANT'S SECOND MOTION FOR COMPASSIONATE RELEASE

This matter is before the Court on Defendant Aaron Heath's motion for compassionate release, filed *pro se* on March 17, 2022. (Doc. 339). On April 7, 2022, the Government filed its response. (Doc. 346). After reviewing the motion, response, case file, and the record, the Court finds as follows:

On April 12, 2013, Judge Elizabeth Kovacevich sentenced Defendant to 168 months imprisonment after he pleaded guilty to conspiracy to possess with intent to distribute and to distribute 50 grams or more of methamphetamine (Count One). (Doc. 262). Defendant is currently incarcerated at Federal Correctional Institution Coleman in Sumterville, Florida, and he is projected to be released on June 14, 2024.

In his instant motion, Defendant requests that the Court modify or reduce his sentence to release him from federal prison so that he can care for his elderly father. Defendant seeks release under 18 U.S.C. § 3582(c)(1)(A), sometimes referred to as "compassionate release."

A district court is not free to modify a term of imprisonment once it has been imposed, except upon motion of the Director of the Bureau of Prisons ("BOP"); or upon motion by the defendant, after he has fully exhausted all administrative rights to appeal a failure of the BOP to bring a motion on his behalf, or 30 days has elapsed from receipt of such a request by the warden of the defendant's facility, whichever is earlier. 18 U.S.C. § 3582(c)(1)(A); *see also United States v. Celedon*, 353 F. App'x 278, 280 (11th Cir. 2009). To warrant a reduction of his sentence in this case, Defendant must present "extraordinary and compelling reasons." 18 U.S.C. § 3582(c)(1)(A)(i).

After reviewing the applicable law and facts presented here, the Court finds that Defendant is not entitled to relief. Initially, the Court finds that it appears that Defendant has failed to exhaust his administrative remedies. Defendant does not allege that he submitted a request to the Warden, and he does not attach any records to his motion. The Government indicates that it searched a BOP database and that there is no record of any request for compassionate release.

Even if he had exhausted his administrative remedies, the Court finds that Defendant has not demonstrated extraordinary and compelling reasons warranting a modification of his sentence.[1] Although family circumstances may be

---

[1] In USSG § 1B1.13, the Sentencing Commission has set specific examples of "extraordinary and compelling reasons" that may qualify a defendant for compassionate release, including: (1) the defendant suffers from a terminal illness or a serious physical or medical condition that substantially diminishes his ability to provide self-care and from which the defendant is not expected to recover; (2) the defendant is at least 65 years old and experiencing a serious deterioration in his physical or mental health, and he has served at least 10 years or 75% of his prison sentence; (3) particular family circumstances; and (4) other reasons as determined by the BOP.

extraordinary and compelling enough to warrant release, the policy statement considers the death or incapacitation of the caregiver of the defendant's minor child or children, or the incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver. Defendant only cites the incapacitation of his father and his aging mother's diminishing ability to care for him.[2] These circumstances do not qualify as compelling. *See* USSG § 1B1.13, cmt. N.1(C); *United States v. Davis*, 3:18-cr-223-J-20MCR, 2020 WL 7238510, at *2 (M.D. Fla. Dec. 9, 2020); *United States v. Castro-Sanchez*, 8:06-cr-57-VMC-TBM, 2021 WL 914176, at *2 (M.D. Fla. Mar. 10, 2021).

Moreover, even if Defendant could establish an extraordinary or compelling reason for compassionate release, the applicable § 3553(a) factors weigh against granting compassionate release in this case. Considering the § 3553 factors, including Defendant's criminal history and characteristics, the Court finds that release would not be appropriate here. Defendant was convicted of serious drug offenses, and given his history of reoffending following incarceration, there is no reason to believe he would not pose a threat of committing similar crimes if released.

To the extent that Defendant asks the Court to direct BOP to place him on home confinement, the Court has no authority to grant such request. *See United States v. Smith*, 8:17-cr-412-T-36AAS, 2020 WL 2512883, at *3 (M.D. Fla. May 15, 2020); *United States v. Staltare*, 8:14-cr-460-T-33-TBM, 2020 WL 2331256, at *1

---

[2] Defendant does not provide evidentiary support for his claims.

(M.D. Fla. May 11, 2020) (citing *United States v. Calderon*, 801 F. App'x 730, 731 (11th Cir. 2020) (per curium)).

Consequently, Defendant's motion for compassionate release is hereby **DENIED**.

**DONE AND ORDERED** in Chambers, in Tampa, Florida, this 13th day of April, 2022.

          **TOM BARBER**
          **UNITED STATES DISTRICT JUDGE**